# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-50682
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

William Logsdon,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-248-2

———————————————————————

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:*

William Logsdon appeals his jury-trial conviction for conspiracy to commit wire fraud and aiding and abetting wire fraud, which stemmed from his role in a Ponzi scheme.

We assume, without deciding, that Logsdon did not affirmatively waive his argument that the district court erred by upholding his co-

————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

defendant's blanket invocation of the Fifth Amendment without making a particularized inquiry into whether the privilege was well-founded. Because he raises this argument for the first time on appeal, our review is for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Based on facts that were before the district court, it "understandably concluded" that Lodgson's co-defendant invoked her privilege because she "had a reasonable apprehension of self-incrimination as a result of [her] responses to essentially any questions relevant to [Logsdon's] defense." *United States v. Mares*, 402 F.3d 511, 515 (5th Cir. 2005). Accordingly, we ascertain no clear or obvious error by the district court. *See Puckett*, 556 U.S. at 135.

Logsdon next argues that the district court abused its discretion by excluding, as inadmissible pursuant to Federal Rule of Evidence 804(b)(3), an affidavit in which his co-defendant attested that she was solely responsible for the Ponzi scheme. The district court found that the affidavit was not trustworthy, and we will uphold this finding "unless it is clearly erroneous." *United States v. Dean*, 59 F.3d 1479, 1492 (5th Cir. 1995). Here, the affidavit conflicted with the co-defendant's admissions in her plea agreement, and the co-defendant could have been motivated by her familial relationship to "fabricate statements in order to provide [Logsdon] with exculpatory evidence." *United States v. Atkins*, 618 F.2d 366, 373 (5th Cir. 1980). There was also strong evidence that Logsdon participated in the conspiracy. *See Dean*, 59 F.3d at 1493-94. Under these circumstances, the district court did not clearly err in finding the affidavit to be untrustworthy, and it therefore did not abuse its discretion by concluding it was inadmissible pursuant to Rule 804(b)(3). *See Dean*, 59 F.3d at 1492; *United States v. Miller*, 588 F.3d 897, 903 (5th Cir. 2009).

Finally, Logsdon asserts, for the first time on appeal, that the district court erred by misstating the elements of wire fraud in the jury instructions. He is correct that the district court committed a clear and obvious error by

instructing the jury that a specific intent to defraud means a knowing intent to deceive *or* cheat someone, as opposed to deceive *and* cheat someone. *See United States v. Greenlaw*, 84 F.4th 325, 349-51 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 2518 (2024). However, to show an effect on his substantial rights, he must demonstrate that "there is a reasonable probability that he would have been acquitted" if the jury had received the correct instruction. *Greer v. United States*, 593 U.S. 503, 508 (2021) (internal quotation marks and citation omitted). At best, he has shown a possibility, not a reasonable probability, that he would have been acquitted. *See id*. Moreover, reversal on plain error review would not be warranted here considering the substantial evidence proving his guilt under the valid instruction. *See United States v. Pierre*, 88 F.4th 574, 581-82 (5th Cir. 2023).

The district court's judgment is AFFIRMED.